U.S.A., Petitioner,

v.

**Brian I. TANOUE, Respondent.**

Misc. No. 94–00096 HG.

United States District Court,
D. Hawai'i.

Nov. 30, 1995.

Order Denying Reconsideration
Jan. 8, 1996.

Michael Chun, United States Attorneys Office, Honolulu, HI, Thomas J. Sawyer, U.S. Department of Justice, Trial Attorney, Tax Division, Washington, DC, for Petitioner.

Richard P. McClennan, Honolulu, HI, for Respondent.

### ORDER DENYING RESPONDENT'S MOTION FOR RULE 60(B) EVIDENTIARY HEARING

GILLMOR, District Judge. ·

Respondent Tanoue, through his attorney, moves for an evidentiary hearing on newly discovered evidence pursuant to Fed.R.Civ. Proc. 60(b)(2) and (3).

### BACKGROUND

On August, 17, 1994, Petitioner United States of America, on behalf of the Internal Revenue Service (the Government), filed a petition to enforce a summons on Respondent to produce handwriting exemplars in connection with the criminal tax investigation of Mr. David Chang. On February 16, 1995, the Court adopted Magistrate Judge Kurren's Order Granting Petition to Enforce IRS Summons. Respondent has appealed this decision to the Ninth Circuit. 9th Cir. App. No. 94–15436. Subsequently, Respondent allegedly discovered "new evidence" which he contends "could have impact on the issues of relevance and good faith currently on appeal." Respondent now moves the Court to hold an evidentiary hearing on such evidence pursuant to Rule 60(b)(2) and (3).

### DISCUSSION

Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party....

**I. *Rule 60(b)(2): Newly Discovered Evidence***

█ Under Rule 60(b)(2), the moving party must show that the evidence (i) is newly discovered; (ii) could not have been discovered through due diligence; and (iii) is of such a material and controlling nature as will probably change the outcome. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208 (9th Cir.1987).

█ The Court finds that Respondent has not satisfied this burden. Given that the evidence which Respondent alleges to be "newly discovered" consists of his own unsworn statements, the Court concludes that it could have been obtained prior to the Magistrate Court hearing if he had exercised due diligence. Furthermore, the Court finds that the evidence at issue is not "of such a material and controlling nature as will probably change the outcome;" the Respondent's

handwriting exemplars were needed by the Government in the course of its tax investigation of Mr. David Chang, notwithstanding its knowledge of Respondent's unsworn statements. In light of the above, the Court DENIES movant's Rule 60(b)(2) motion based upon "newly discovered evidence."

## II. *Rule 60(b)(3): Fraud*

■■■ With respect to Rule 60(b)(3), Respondent must (1) prove by clear and convincing evidence that enforcement of the summons (for Respondent to produce the handwriting exemplars) was obtained through fraud, and (2) establish that the Government's conduct prevented Respondent from fully and fairly presenting its case to the magistrate court. *See Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir. 1990). Further, the fraud must "not [have been] discoverable by the due diligence before or during the proceeding, and [it must have been] materially related to the submitted issue." *Pacific & Arctic Ry. & Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir.1991).

■■■ Once again, the Court finds that Respondent has not satisfied this burden. First, Respondent has not proffered "clear and convincing evidence" of fraud, and cannot do so; as discussed above, the Government needed the handwriting exemplars, notwithstanding its knowledge of Respondent's unsworn statements, and therefore did not falsely represent the necessity of the summons enforcement. *Cf. Bulgo v. Munoz*, 853 F.2d 710, 716 (9th Cir.1988) (to prove fraud under Rule 60(b)(3), movant must demonstrate that: (1) non-moving party made false representations of material fact; (2) non-moving party intended to induce the person allegedly defrauded to act; (3) the representations were made with knowledge of, or reckless disregard for, their falsity; and (4) the person allegedly defrauded justifiably relied upon those false representations to his detriment). In addition, even assuming, arguendo, that the Government committed a fraud, the Court finds that it could have been discovered by Respondent's due diligence before or during the proceeding, for the same reasons set forth above with respect to Rule

60(b)(2). In light of the above, the Court DENIES Respondent's Rule 60(b)(3) motion based upon fraud.

## CONCLUSION

For the aforementioned reasons, Respondent's Rule 60(b) motion for an evidentiary hearing is DENIED.

IT IS SO ORDERED.

## ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION OF ORDER DENYING RULE 60(B) EVIDENTIARY HEARING ·

Respondent Tanoue ("Respondent"), through his attorney, moves for this Court to reconsider its Order Denying Respondent's Motion for Rule 60(b) Evidentiary Hearing (the "Rule 60(b) Order"), pursuant to Fed. R.Civ.Proc. 59(e).

## BACKGROUND

On February 16, 1995, this Court adopted Magistrate Judge Kurren's Order granting the Internal Revenue Service's petition to enforce an IRS Summons against Respondent (the "Summons Order"). On October 31, 1995, while Respondent's appeal of this Court's Summons Order was pending before the Ninth Circuit, Respondent moved this Court to hold an evidentiary hearing on alleged "newly discovered evidence" pursuant to Rule 60(b)(2) and (3). On November 30, 1995, this Court denied Respondent's motion after carefully considering the papers filed in support and in opposition of Respondent's motion.

On December 8, 1995, Respondent filed this Motion for Reconsideration based upon newly briefed issues pertaining to ·Rule 60(b)(2). For the reasons set forth below, this Court, having reconsidered the case at bar in light of such issues, reaffirms its denial of Respondent's Rule 60(b)(2) motion and thereby DENIES Respondent's Motion for Reconsideration.

## DISCUSSION

Local Rule 220–11 provides that a motion to reconsider may be brought only upon (1) discovery of new material facts not previous-

ly available; (2) intervening change in law; or (3) manifest error of law or fact. Respondent here proceeds under the third prong, claiming that the Court's Rule 60(b) Order contained manifest errors of law and fact. For the reasons set forth herein, the Court rejects Respondent's position.

## I. *No Manifest Error In Procedure*

■ Respondent contends that the Court misunderstood "the informal nature of the Ninth Circuit's policy regarding a remand and Mr. Tanoue's request." Respondent's Memorandum in Support of Motion to Reconsider at 3. While Respondent did not direct the Court to a specific body of misapplied law, the Court has independently reviewed its Rule 60(b) Order in light of the relevant Ninth Circuit law. In so doing, the Court finds that it fully complied with the Ninth Circuit policy on Rule 60(b) motions during the pendency of an appeal.

In *Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1318 (9th Cir.1981), the Ninth Circuit stated that where a party seeks Rule 60(b) relief from a district court after a notice of appeal has been filed, "the proper procedure is to ask the district court to indicate whether it wishes to entertain the motion, or to grant it, and then move the [appellate] court, if appropriate, for remand of the case." Here, Respondent properly asked the Court by letter dated October 30, 1995 whether it would entertain a Rule 60(b) motion, and the Court properly indicated in its Rule 60(b) Order that it did not wish to entertain his Rule 60(b) motion, having found it to be without merit.

Accordingly, the Court finds that its Rule 60(b) Order does not contravene Ninth Circuit Rule 60(b) procedure.

## II. *No Manifest Error Regarding The Merits of Respondent's Rule 60(b) Motion*

Under Rule 60(b)(2), the moving party must show that the evidence (i) is newly discovered; (ii) could not have been discovered through due diligence; and (iii) is of such a material and controlling nature as will probably change the outcome. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208 (9th Cir.1987). Respondent argues that the Court incorrectly concluded that the evidence at issue—certain transcripts of Respondent's admissions to IRS Agent Teraoka—did not satisfy the second and third prongs articulated above. The Court disagrees.

### A. *Discovery in the Exercise of Due Diligence*

■ Respondent argues that he diligently pursued his legal avenues for discovering the transcripts, and that in such pursuit, he was not allowed access to the transcripts, which were in the possession of the Internal Revenue Service (the "IRS"), until August 1995, nearly seven months after this Court issued its Summons Order. Based upon these facts, Respondent argues that the Court should have found that he exercised due diligence and still could not obtain the transcripts prior to the Court's February 1995 ruling.

While Respondent may have diligently sought legal recourse for obtaining the transcripts, this alone is insufficient to warrant a finding that Respondent acted with "due diligence." As the Court explained in its Rule 60(b) Order, because the evidence included in the transcripts consisted of Respondent's *own* statements to IRS Agent Teraoka, Respondent knew or should have known about such evidence *without* assistance from the IRS, i.e., before the summons enforcement proceedings before the Magistrate. *See Coastal Transfer*, 833 F.2d at 212 (expert's incorrect testimony could have been discovered with due diligence because "the evidence upon which the expert's testimony was based had been in [movant's] possession since the start of litigation."). While the IRS may have been one source for such evidence, so too was Respondent. Therefore, the evidence which Respondent now seeks to admit could have been discovered in the exercise of reasonable diligence *before* the summons enforcement proceedings, notwithstanding Respondent's repeated attempts to obtain such evidence from the IRS.

Therefore, the Court stands on its original holding, as stated in its Rule 60(b) Order,

that the evidence at issue could have been discovered in the exercise of due diligence.

### B. *Immateriality*

■ While the Court finds that the above discussion with respect to due diligence is a sufficient basis for denying Respondent's Motion for Reconsideration, it will nevertheless address Respondent's arguments regarding the materiality prong.

Respondent argues that the evidence is of a "material and controlling nature" because it demonstrates "bad faith" on the part of the IRS, insofar as it already knew who prepared David Chang's 1991 and 1992 tax returns *before* instituting the summons enforcement proceedings.

Respondent overlooks the fact that the IRS not only needed to identify the preparer of the 1991 and 1992 returns, but also the preparer(s) of the 1988, 1989 and 1990 tax returns, as well as other corporate records. Declaration of Special Agent John Teraoka, filed August 17, 1994 at ¶ 5. Therefore, contrary to Respondent's assertions, the evidence at issue—the IRS' pre-summons knowledge that Respondent prepared the 1991 and 1992 returns—does not suggest that the IRS pursued the summons enforcement proceedings in bad faith.

### CONCLUSION

For the aforementioned reasons, the Court DENIES the motion of Respondent for reconsideration of the Rule 60(b) Order previously issued by this Court.

IT IS SO ORDERED.